**Opinion issued June 11, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00476-CR

———————————

## MICHAEL PAUL PARKINSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 239th District Court
### Brazoria County, Texas
### Trial Court Case No. 72075

---

## MEMORANDUM OPINION

Appellant, Michael Paul Parkinson, was charged by indictment with four

counts of aggravated sexual assault of a child.[1]  Appellant pleaded not guilty.  The

jury found him guilty on all four counts and assessed punishment at 45 years'

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(b) (Vernon Supp. 2014).

confinement on each count.  In one issue, Appellant argues the trial court abused its discretion by allowing a State's witness to testify to matters outside of her expertise.

We affirm.

## Background

On multiple occasions, Appellant sexually assaulted his then-11-year-old daughter.  The daughter ultimately made an outcry, leading to Appellant's indictment.

At trial, the State sought to introduce some of Appellant's medical records. The medical records contained, in pertinent part, admissions by Appellant that he had sexually assaulted his daughter.  Appellant raised two objections to the records: the probative value of the records were outweighed by their prejudicial effect and he had not waived physician-client confidentiality.  The trial court overruled those objections and admitted the documents.

Later, during its examination of Investigator F. Vargas, the State asked Investigator Vargas to read from certain portions of the medical records.  Appellant did not raise any objections.

## Witness Testimony

In his sole issue on appeal, Appellant argues the trial court abused its discretion by allowing Investigator Vargas to testify to matters outside of her

expertise. Within his argument section, Appellant mentions a number of complaints: the records contained hearsay; Vargas could not authenticate the documents as business records; there is no explanation for why the doctor who prepared the documents was not present to testify; and Vargas was not established to be an expert witness in the field of psychiatry. The State asserts that none of these issues have been preserved. We agree.

In order to preserve an issue for appellate review, the complaining party must (1) raise a timely objection and (2) obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a). Appellant did not raise any objections to Investigator Vargas's testimony. The only objections raised when the exhibit in question was admitted was that the probative value of the records was outweighed by their prejudicial effect and that he had not waived physician-client confidentiality. Appellant does not assert these arguments on appeal. *See Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (holding issue raised on appeal must comport with complaint raised at trial); TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument for contentions made with appropriate citations to record and legal authority). Accordingly, we hold Appellant's complaints on appeal have not been preserved.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).